DANIEL JOHNSON, JR. (State Bar No. 57409)
BRETT M. SCHUMAN (State Bar No. 189247)
RYAN L. SCHER (State Bar No. 244706)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: djjohnson@morganlewis.com
E-mail: bschuman@morganlewis.com
E-mail: rscher@morganlewis.com

Attorneys for Plaintiff
OPENWAVE SYSTEMS INC.

**E-filing**

ORIGINAL FILED

JUL 31 2009

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CA

PVT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 09 3511

| | |
|---|---|
| OPENWAVE SYSTEMS, INC., a Delaware corporation, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | **DEMAND FOR JURY TRIAL** |
| 724 SOLUTIONS (US) INC., a Delaware corporation, and 724 SOLUTIONS SOFTWARE INC., a Delaware corporation, | |
| Defendants. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21176811.1

Plaintiff OPENWAVE SYSTEMS, INC. ("OPENWAVE") alleges as follows:

## PARTIES

1. Plaintiff OPENWAVE is a Delaware corporation with its principal place of business at 2100 Seaport Blvd. Redwood City, California, 94063. OPENWAVE is qualified and duly authorized to conduct business in the State of California.

2. On information and belief, defendant 724 SOLUTIONS (US) INC. is a Delaware corporation with its principal place of business at 3916 State Street, Ste. 200, Santa Barbara, California, 93105.

3. On information and belief, defendant 724 SOLUTIONS SOFTWARE INC. is a Delaware corporation with its principal place of business at 3916 State Street, Ste. 200, Santa Barbara, California, 93105.

## JURISDICTION AND VENUE

4. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a).

5. This Court has personal jurisdiction over defendant 724 SOLUTIONS (US) INC. because 724 SOLUTIONS (US) INC. has its principal place of business in California.

6. This Court has personal jurisdiction over 724 SOLUTIONS SOFTWARE INC. because 724 SOLUTIONS SOFTWARE INC. has its principal place of business in California.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

8. Under Local Rule 3-2(c), this action shall be assigned on a district-wide basis.

## PATENTS-IN-SUIT

9. OPENWAVE is the sole owner of U.S. Patent No. 6,430,409 (the "'409 Patent"), filed on November 26, 1997 and issued on August 6, 2002, entitled "Method and Architecture for an Interactive Two-Way Data Communication Network." A true and correct copy of the '409

Patent is attached to this Complaint as Exhibit A.

10.   OPENWAVE is the sole owner of U.S. Patent No. 6,466,783 (the "'783 Patent"), filed on June 8, 1998 and issued on October 15, 2002, entitled "Visual Interface to Mobile Subscriber Account Services." A true and correct copy of the '783 Patent is attached to this Complaint as Exhibit B.

11.   OPENWAVE is the sole owner of U.S. Patent No. 6,742,022 (the "'022 Patent"), filed on April 30, 1998 and issued on May 25, 2004, entitled "Centralized Service Management System for Two-Way Interactive Communication Devices in Data Networks." A true and correct copy of the '022 Patent is attached to this Complaint as Exhibit C.

12.   OPENWAVE is the sole owner of U.S. Patent No. 7,054,626 (the "'626 Patent"), filed on August 20, 2001 and issued on May 30, 2006, entitled "Method and Architecture for an Interactive Two-Way Data Communication Network." A true and correct copy of the '626 Patent is attached to this Complaint as Exhibit D.

## FIRST CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,430,409)

13.   OPENWAVE realleges and incorporates by reference the allegations stated in paragraphs 1 through 12 of this Complaint.

14.   On information and belief, 724 SOLUTIONS (US) INC. and 724 SOLUTIONS SOFTWARE INC. (collectively "Defendants"), by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of products that are covered by one or more of the claims of the '409 Patent, has committed acts of direct, contributory and/or inducement of infringement of one or more claims of the '409 Patent. These acts constitute violations of 35 U.S.C. § 271. Such infringing products include, but are not limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

15.   On information and belief, Defendants' infringement of the '409 Patent is, has been, and continues to be willful and deliberate, entitling OPENWAVE to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21176811.1

3

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

16. Such infringement has injured and damaged OPENWAVE. Unless enjoined by this Court, Defendants will continue its infringement, irreparably injuring OPENWAVE.

17. As a direct and proximate result of Defendants' infringement of the '409 Patent, OPENWAVE has been and continues to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,466,783)

18. OPENWAVE realleges and incorporates by reference the allegations stated in paragraphs 1 through 12 of this Complaint.

19. On information and belief, Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of products that are covered by one or more of the claims of the '783 Patent, has committed acts of direct, contributory and/or inducement of infringement of one or more claims of the '783 Patent. These acts constitute violations of 35 U.S.C. § 271. Such infringing products include, but are not limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

20. On information and belief, Defendants' infringement of the '783 Patent is, has been, and continues to be willful and deliberate, entitling OPENWAVE to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

21. Such infringement has injured and damaged OPENWAVE. Unless enjoined by this Court, Defendants will continue its infringement, irreparably injuring OPENWAVE.

22. As a direct and proximate result of Defendants' infringement of the '783 Patent, OPENWAVE has been and continues to be damaged in an amount yet to be determined.

## THIRD CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,742,022)

23. OPENWAVE realleges and incorporates by reference the allegations stated in paragraphs 1 through 12 of this Complaint.

24. On information and belief, Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21176811.1

4

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

products that are covered by one or more of the claims of the '022 Patent, has committed acts of direct, contributory and/or inducement of infringement of one or more claims of the '022 Patent. These acts constitute violations of 35 U.S.C. § 271. Such infringing products include, but are not limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

25. On information and belief, Defendants' infringement of the '022 Patent is, has been, and continues to be willful and deliberate, entitling OPENWAVE to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

26. Such infringement has injured and damaged OPENWAVE. Unless enjoined by this Court, Defendants will continue its infringement, irreparably injuring OPENWAVE.

27. As a direct and proximate result of Defendants' infringement of the '022 Patent, OPENWAVE has been and continues to be damaged in an amount yet to be determined.

### FOURTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,054,626)

28. OPENWAVE realleges and incorporates by reference the allegations stated in paragraphs 1 through 12 of this Complaint.

29. On information and belief, Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of products that are covered by one or more of the claims of the '626 Patent, has committed acts of direct, contributory and/or inducement of infringement of one or more claims of the '626 Patent. These acts constitute violations of 35 U.S.C. § 271. Such infringing products include, but are not limited to, the Seamless Access solution, X-treme Mobility Suite, and X-treme Mobile Gateway.

30. On information and belief, Defendants' infringement of the '626 Patent is, has been, and continues to be willful and deliberate, entitling OPENWAVE to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

31. Such infringement has injured and damaged OPENWAVE. Unless enjoined by this Court, Defendants will continue its infringement, irreparably injuring OPENWAVE.

32. As a direct and proximate result of Defendants' infringement of the '626 Patent, OPENWAVE has been and continues to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, OPENWAVE prays that this Court enter judgment as follows:

(A) Adjudicating and declaring that Defendants have infringed, actively induced infringement of, and/or contributorily infringed the Patents-In-Suit;

(B) Preliminarily and permanently enjoining the Defendants, their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them from further infringement of the Patents-In-Suit;

(C) Ordering that Defendants account, and pay actual damages (but no less than a reasonable royalty), to OPENWAVE for defendant's infringement of the Patents-In-Suit;

(D) Ordering that Defendants pay treble damages to OPENWAVE as provided by 35 U.S.C. § 284;

(E) Ordering that Defendants pay OPENWAVE's costs, expenses, and interest, including prejudgment interest, as provided for by 35 U.S.C. § 284;

(F) Declaring this case exceptional under 35 U.S.C. § 285 and awarding OPENWAVE its reasonable attorneys' fees, expenses, and costs incurred in this action; and

(G) Granting OPENWAVE such other and further relief as the Court deems just and appropriate, or that OPENWAVE may be entitled to as a matter of law or equity.

Dated: July 31, 2009                                MORGAN, LEWIS & BOCKIUS LLP

By _____
Brett M. Schuman
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, OPENWAVE hereby requests a trial by jury.

Dated: July 31, 2009                    MORGAN, LEWIS & BOCKIUS LLP

By _____
Brett M. Schuman
Attorneys for Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21176811.1

7

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF