DANIEL JOHNSON, JR. (State Bar No. 57409)
BRETT M. SCHUMAN (State Bar No. 189247)
AHREN C. HOFFMAN (State Bar No. 250469)
RYAN L. SCHER (State Bar No. 244706)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: djjohnson@morganlewis.com
E-mail: bschuman@morganlewis.com
E-mail: ahoffman@morganlewis.com
E-mail: rscher@morganlewis.com

Attorneys for Plaintiff
OPENWAVE SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPENWAVE SYSTEMS, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>724 SOLUTIONS (US) INC., a Delaware corporation, and 724 SOLUTIONS SOFTWARE INC., a Delaware corporation,<br><br>              Defendants. | Case No. 09-CV-03511 (CRB)<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/21368824.2

OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS, OR IN THE ALTERNATIVE, FOR A MORE
DEFINITE STATEMENT; CASE NO. 3:09-CV-03511

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. THE STANDARD FOR PLEADING claims for PATENT INFRINGEMENT REMAINS THE FAMILIAR LIBERAL NOTICE PLEADING RULE ............................ 2

III. OPENWAVE HAS SUFFICIENTLY NOTIFIED DEFENDANTS OF THE ACCUSED PRODUCTS ................................................................................................... 3

IV. OPENWAVE HAS SUFFICIENTLY NOTIFIED DEFENDANTS THAT IT IS ALLEGING INDIRECT INFRINGEMENT THEORIES, I.E., INDUCING INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT .................................... 5

V. DEFENDANTS' ARGUMENT THAT OPENWAVE'S ALLEGATIONS ARE "CONFUSINGLY INTERTWINED" IS MAKEWEIGHT ............................................... 8

VI. CONCLUSION ............................................................................................................... 10

## I. INTRODUCTION

Plaintiff Openwave Systems, Inc. ("Openwave") sued defendants 724 Solutions (US) Inc. and 724 Solutions Software Inc. (together, "724" or "defendants") for patent infringement. Defendants filed a motion to dismiss (or for a more definitive statement under Rule 12(e)) arguing that Openwave's complaint fails to provide 724 with "fair notice" of Openwave's claims. *See* Mot. to Dismiss, Dkt. No. 17 (hereafter "Mot.") 1:4.

Defendants' argument that the complaint fails to provide them with "fair notice" of Openwave's claims borders on frivolous. In its complaint, Openwave ***specifically identified*** the four patents-in-suit (and attached each of them to its complaint). Openwave also ***specifically identified*** three 724 products that it accuses of infringing each of those four patents (Seamless Access Solution, X-treme Mobility Suite, and X-treme Mobile Gateway). Openwave also ***specifically identified*** the different ways in which 724's (specifically identified) accused products infringe (direct infringement, contributory infringement, inducing infringement). *See* Dkt. No. 1 (Compl.). The patents attached to Openwave's complaint provide 724 with substantial additional information regarding the basis for Openwave's claims. Throughout their motion, defendants themselves demonstrate that they fully understand Openwave's allegations. That is all that is required under the liberal notice pleading rule embodied in Federal Rule 8(a). Defendants have more than enough information to frame a responsive pleading.

Defendants expressly seek to compel Openwave to include – in its initial complaint – more "supporting facts" and a more "specific description of the products at issue." Mot. 1:6-7. But such specificity is not required in a complaint alleging patent infringement, even after *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). 724 can obtain more "supporting facts" in discovery. Indeed, under the governing Patent Local Rules, Openwave is required to provide 724 with Infringement Contentions containing some of the very information 724 claims Openwave should have to provide in its complaint.

In short, because Openwave's complaint demonstrably provides defendants with sufficient notice of Openwave's claims for relief, defendants' motion should be denied in its entirety.

Morgan, Lewis & Bockius LLP
Attorneys At Law

DB2/21368824.2

1

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; CASE NO. 3:09-CV-03511

## II. THE STANDARD FOR PLEADING CLAIMS FOR PATENT INFRINGEMENT REMAINS THE FAMILIAR LIBERAL NOTICE PLEADING RULE

Defendants concede that notice pleading under Rule 8 does not require detailed factual allegations, even after *Bell Atlantic v. Twombly*. *See Twombly*, 550 U.S. at 555 ("[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . ."); Fed. R. Civ. P. 8. The Federal Circuit has said that under *Twombly* "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

Neither *Twombly* nor *Ashcroft v. Iqbal*, 556 U.S. __,129 S.Ct. 1937 (2009) involved claims for patent infringement. *Twombly* was a Sherman Act Section 1 parallel conduct case, and the Supreme Court's formulation of the Rule 8 pleading standard there was "merely a specific way to articulate a solution to what it perceived to be a specific pleading problem, in a specific area of law that inflicted a high cost upon antitrust defendants." *CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F. Supp. 2d 1376, 1378 (N.D. Ga. 2007) (concluding that *Twombly* did not affect the pleading standards in patent cases). *Iqbal* involved claims for personal liability against high-ranking government officials for civil rights violations in the wake of the 9/11 terrorist attacks. However these cases are interpreted with respect to *other* kinds of claims, it would be particularly inappropriate and unnecessary to heighten the traditional pleading standard for claims alleging *patent infringement* because of the early disclosure obligations imposed by the Patent Local Rules: "Requiring heightened factual pleading in the patent context is particularly unnecessary. The Northern District's Local Patent Rules require plaintiffs to disclose a great deal of extremely detailed information . . . . Any plaintiff filing a patent case in this district knows that these disclosures must be made early. Requiring similar detailed factual disclosures at the pleading stage would serve no useful purpose." *CBT Flint Partners*, 529 F. Supp. 2d at 1380-81.[1]

---

[1] Defendants cite to *Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D.Cal. 2007) for Judge Brewster's statement that "the new *Bell Atlantic* pleading standard applies to pleadings in patent infringement actions." Mot. at 4. But neither Judge Brewster's statement nor defendants' citation to it answers the question whether Openwave's pleading is sufficient. In *Anticancer*, Judge Brewster found a complaint that failed to identify any accused products insufficient. *Id.* at 282. That pleading most likely would have been found insufficient prior to *Twombly* also. *See, e.g, In re Papst Licensing GmbH Patent Litigation*, 2001 WL 179926, *1 (E.D.La. 2001) (granting Rule

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

DB2/21368824.2

2

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; CASE NO. 3:09-CV-03511

Similar standards govern defendants' motion for a more definitive statement: "An underlying aim of the Federal Rules is 'to discourage motions to compel more definitive complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings.'" *Home & Nature Inc. v. Sherman Specialty Company, Inc.*, 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004).

A complaint for patent infringement satisfies Rule 8 if it: "(1) alleges ownership of the asserted patent, (2) names each individual defendant, (3) cites the patent that is allegedly infringed, (4) describes the manner in which the defendants allegedly infringe, and (5) identifies the specific sections of the patent law invoked." *Id.* (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)).

Here, as demonstrated below, Openwave's complaint satisfies this enduring liberal notice pleading standard. Indeed, throughout their motion, defendants demonstrate that they fully understand the scope of Openwave's claims and infringement theories. Openwave is not required to set forth additional factual detail regarding its claims in its complaint. Additional information regarding Openwave's infringement theories and why Openwave believes the accused products infringe its patents is more properly obtained through discovery and pursuant to the Patent Local Rules.

### III. OPENWAVE HAS SUFFICIENTLY NOTIFIED DEFENDANTS OF THE ACCUSED PRODUCTS

In its complaint, Openwave specifically accuses the following 724 products of infringement: Seamless Access Solution, X-treme Mobility Suite, and X-treme Mobile Gateway. Dkt. No. 1 (Compl.) ¶¶ 14, 19, 24, 29. Thus, defendants' assertion that "the complaint should be dismissed because it fails to identify the accused products" (Mot. 5:19-20) is simply untrue. Defendants cannot – and do not – seriously dispute that they have received sufficient notice that Openwave is accusing these specific products of infringing Openwave's patents.[2]

---

12(e) motion with respect to complaint that did not identify any accused products). Here, by contrast, Openwave's complaint specifically identifies the products that Openwave accuses of infringement.
[2] Defendants improperly assert, without any support, that "X-treme Mobility Suite" was not a product. According to defendants, "it was a marketing term used to describe several different products." *See* Mot. 5:26-28, fn. 1. Notwithstanding their disclaimer, defendants are improperly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/21368824.2

3

OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS, OR IN THE ALTERNATIVE, FOR A MORE
DEFINITE STATEMENT; CASE NO. 3:09-CV-03511

1  Defendants argue that Openwave impermissibly describes the accused products as
2  "including, but not limited to," the specific products identified above. Mot. 5:21-25. They argue
3  this makes Openwave's identification of the accused products impermissibly "open-ended." *Id.*
4  To the contrary, Openwave's pleading specifically identifies certain accused products and simply
5  leaves open the possibility that Openwave may identify additional infringing products as the case
6  progresses. Openwave should not be required to seek leave to amend its complaint each time it
7  identifies an additional infringing product in discovery.

8  Several courts, including courts in this district, have denied motions to dismiss similarly
9  worded complaints. *See, e.g., Advanced Analogic Techn., Inc. v. Kinetic Techn., Inc.*, 2009 WL
10 1974602, *1 (N.D. Cal. Jul. 8, 2009) (refusing to dismiss a complaint for identifying the accused
11 products as "integrated circuits ('ICs'), *including but not limited to* light emitting diode driver
12 ('LED') circuits, that embody the patented invention" (emphasis added)); *CBT Flint Partners,*
13 *LLC*, 529 F. Supp. 2d at 1378 (denying motion to dismiss claim alleging infringement by
14 "products and/or services, *including, but not limited to* email certification services" (emphasis
15 added)); *In re Papst Licensing GmbH & Co. KG Lit.*, 631 F. Supp. 2d 42, 45-46 (D.D.C. 2009)
16 (denying motion to dismiss complaint that accused products "*including, but not limited to*,"
17 products identified by specific product name in the complaint).[3] Courts also routinely deny Rule
18 12(e) motions for a more definite statement as to the accused products, particularly when all that
19 is sought is information that can be obtained during discovery. *See, e.g., Advanced Analogic*,
20 2009 WL 1974602, at *1 (denying motion for more definite statement providing details regarding
21 the accused products because the information sought is available through discovery and Patent
22 L.R. 3-1); *Beery v. Hitachi Home Elecs. (America), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993)
23 (denying Rule 12(e) motion for more information about the substance of the claims being asserted
24 because the information sought "can readily be ascertained through the liberal federal discovery
25 procedures").

---

attempting "to introduce factual material in support of this motion." Openwave cannot be faulted for accusing a product using the term defendants themselves use to identify the product in the marketplace. Defendants are free to pursue this issue in discovery if they want.

[3] A copy of the complaint the court approved in *Papst* is attached to Openwave's Request for Judicial Notice as Exhibit A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/21368824.2

4

OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS, OR IN THE ALTERNATIVE, FOR A MORE
DEFINITE STATEMENT; CASE NO. 3:09-CV-03511

Defendants do not cite any controlling authority requiring a plaintiff to provide an exhaustive list of all accused products in the complaint. In *Ondeo Nalco Co. v. EKA Chemicals, Inc.*, 2002 WL 1458853 (D.Del. 2002), an unpublished Delaware case, the court found that plaintiff's complaint failed to provide the defendant with sufficient notice of the accused products because it accused all of "Nalco's products, including the 8692 product." *Id.* at fn. 2. "The only additional clue to the identity of the alleged infringing products is the averment 'Nalco makes and sells products, including the product numbered 8692 . . . that are used in paper-making processes . . .' or 'to make paper.'" *Id.* Here, by contrast, Openwave has accused specific 724 products, referring to them in the complaint using the names given to them by defendants, and has simply left open the possibility that additional infringing products may be identified during discovery. In *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948 (S.D. Cal. 1996), the plaintiff's complaint did not identify any specific products made or sold by any of the multiple separate defendants; it vaguely accused "products and/or kits." *Id.* at 960, fn. 19. In *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122 (W.D. Wisc. 2008), the complaint insufficiently identified accused products by pleading links to public websites listing thousands of products and services and providing links to additional websites. *Id.* at 1125. This obviously bears no resemblance to Openwave's complaint. Finally, in *In re Papst Licensing GmbH Patent Litigation*, the complaint did not identify any specific IBM products that allegedly infringed the plaintiff's patents. 2001 WL 179926 (E.D. La. 2001) at *1.

In short, Openwave's complaint provides sufficient notice to defendants of the 724 products that Openwave presently believes infringe its patents. Defendants have enough information to respond to the complaint.

### IV. OPENWAVE HAS SUFFICIENTLY NOTIFIED DEFENDANTS THAT IT IS ALLEGING INDIRECT INFRINGEMENT THEORIES, *I.E.*, INDUCING INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT

Defendants argue that Openwave insufficiently pleaded its indirect infringement theories because (1) to prevail on either of those infringement theories, Openwave must prove a direct infringement by some third-party; and (2) Openwave has failed to allege specifically direct

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

DB2/21368824.2

5

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; CASE NO. 3:09-CV-03511

1  infringement by a specific third-party.  *See* Mot. 7:1-8-12.[4]  According to defendants, "[b]y

2  failing to properly allege such direct infringement, Plaintiff has failed to provide defendants with

3  'fair notice' of what Plaintiff's claims are and has, therefore, failed to satisfy Rule 8(a)."  *Id.* at

4  8:3-6.  Notwithstanding defendants' reference to Rule 8(a), it is clear that they are attempting to

5  require much more than what is required under Rule 8(a) notice pleading.

6        Defendants improperly ignore the well-established rule that "[u]nder [the] current notice

7  pleading standard in federal courts a plaintiff need not 'plead facts that, if true, establish each

8  element of a 'cause of action.'"  *Windy City Innov., LLC v. America Online, Inc.*, 227 F.R.D. 278,

9  280 (N.D. Ill. 2005).  This rule has been applied specifically to claims for indirect patent

10  infringement.  In *FotoMedia Technologies LLC v. AOL LLC*, No. 07-255, 2008 WL 4135906

11  (E.D. Tex. Aug. 29, 2008), the court rejected the argument that the element of direct third-party

12  infringement must be alleged in a complaint alleging indirect infringement:

> [N]either the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement.  The level of detail provided by FotoMedia in its allegations of indirect infringement are similar to those approved by Form 16, the Federal Circuit, and the courts in this district.

*Id.* at *2.  FotoMedia's complaint accused certain defendants' products ("photo sharing website services") of indirect infringement, but did not specifically identify any third parties that directly infringed by using or selling those products.  *Id.*; *see also CBT Flint Partners, LLC,* 529 F. Supp. 2d at 1378 (denying motions under Rule 12(b)(6) and 12(e) where plaintiff's complaint alleged indirect infringement without alleging specifically direct infringement by third-parties).

      Defendants' argument once again confuses <u>code</u> pleading rules with the governing <u>notice</u> pleading standard.  Even after *Twombly,* the Federal Circuit has reiterated that "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend."

---

[4] While a finding of indirect infringement does require a threshold finding of direct infringement, it is hornbook law that direct infringement may be proved by *circumstantial evidence* alone.  *See Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 ("The district court held that Moleculon had met its burden of showing infringement under section 271(b) with circumstantial evidence of extensive puzzle sales, dissemination of an instruction sheet teaching the method . . . and the availability of a solution booklet on how to solve the puzzle.  If CBS is arguing that proof of inducing infringement or direct infringement requires *direct*, as opposed to *circumstantial evidence*, we must disagree.  It is hornbook law that direct evidence of a fact is not necessary").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

DB2/21368824.2

6

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; CASE NO. 3:09-CV-03511

1  *McZeal*, 501 F.3d at 1357.  As defendants demonstrate in their motion, they fully understand that
2  Openwave is accusing the *specifically* identified products of both *contributory infringement* and
3  *inducing infringement* of four *specifically* identified patents assigned to Openwave.  Nothing
4  more is required under a notice pleading regime.

5        Defendants cannot seriously contend Openwave's complaint fails to provide them with
6  sufficient notice of indirect infringement.  Defendants of course know their own products.  As
7  724 announces on its website, 724 sells its products to <u>mobile network operators</u>:  "724 Solutions
8  delivers intelligent converged mobile internet, mobile broadband and multimedia IP messaging
9  solutions designed to support next generation services that allow mobile operators to offer
10 innovative, flexible and sophisticated revenue generating services."  *See* Request for Judicial
11 Notice, Exhibit B.  Defendants cannot reasonably claim not to understand how they indirectly
12 infringe.

13       The three cases cited by defendants – *Ondeo*, *Advanced Analogic*, and *Anticancer* – are
14 not controlling and are distinguishable in any event.  In *Ondeo*, the plaintiff failed to identify
15 sufficiently the accused products and that, in combination with the lack of an allegation of direct
16 infringement by a third-party, rendered the complaint as a whole insufficient.  *Ondeo*, 2002 WL
17 1458853 at *1.  It also was not possible to identify any third-party direct infringers in *Advanced
18 Analogic* because, in that case, the accused products were integrated circuits that could have been
19 used by any number of third parties.  *See Advanced Analogic,* 2009 WL 1974602 at *1.  In
20 *Anticancer*, the court found the complaint to be deficient because it failed to allege anything
21 "beyond a bare statement of direct and indirect infringement."  *Anticancer*, 248 F.R.D. at 282.
22 The *Anticancer* complaint failed to identify any accused products.  *Id.*  Here, by contrast,
23 Openwave has sufficiently identified specific accused products that 724 sells to mobile network
24 operators.

25       Defendants cite no authority whatsoever for their naked request that the court order
26 Openwave to specifically identify third-party direct infringers in its complaint.  *See* Mot. 8:9-12.
27 Courts in this district have denied identical requests.  *See, e.g., Rambus v. NVIDIA Corp.*, No. C
28 08-3343, 2008 WL 4911165, *3 (N.D. Cal. Nov. 13, 2008) ("Defendant also suggests that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/21368824.2

7

OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS, OR IN THE ALTERNATIVE, FOR A MORE
DEFINITE STATEMENT; CASE NO. 3:09-CV-03511

1 plaintiff is required to specifically identify the third parties who have infringed, as [sic] provide
2 more detailed factual allegations regarding defendant's inducement of such third party
3 infringement. Defendant does not cite any authority for the proposition that a complaint must
4 identify the third party infringers, and the cases cited by defendant are distinguishable.").

Defendants improperly seek to require Openwave to include, in its initial pleading, factual information that defendants will get soon enough in discovery. For example, in its Infringement Contentions, Openwave must disclose "for each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." *See* Patent L.R. 3-1(d). While 724 may be entitled to this information in the near future, the fact that all of this information has not been set forth in the complaint does not provide a basis for dismissal under Rule 12(b)(6).[5]

## V. DEFENDANTS' ARGUMENT THAT OPENWAVE'S ALLEGATIONS ARE "CONFUSINGLY INTERTWINED" IS MAKEWEIGHT

Lastly, defendants argue that Openwave's complaint is too confusing to them because it (quite clearly) alleges that the accused products directly infringe, contributorily infringe and induce infringement of Openwave's patents. *See* Mot. 8:13-9:23. According to defendants, "[p]laintiff's attempted combination of claims of direct infringement, contributory infringement and inducement of infringement is so confusing that it fails to provide defendants with fair notice of the claims being asserted against them." Mot. 9:19-21. Defendants fail to articulate exactly what is so confusing about Openwave's pleading or how it fails to provide them with adequate notice of the claims. Once again, defendants demonstrate in their motion that they fully understand the claims being asserted against them: direct infringement, contributory infringement and inducing infringement by the accused products of each of the four patents-in-suit.

A party asserting different theories of recovery – such as direct, contributory, and

---

[5] In *Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-1531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009), Judge Seeborg rejected Apple's argument that its allegations of indirect infringement were sufficient because Apple's complaint supposedly complied with Form 18. The Court also rejected several other arguments Apple made in support of its pleading. Judge Seeborg did not require Apple to plead any of the things that 724's motion claims is required here.

Morgan, Lewis & Bockius LLP
Attorneys At Law
DB2/21368824.2

8

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; CASE NO. 3:09-CV-03511

inducement of infringement – is not required to set forth each theory in a separate count. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . either in a single count . . . or in separate ones"). Indeed, other courts have endorsed the identical pleading language used by Openwave here. *See Windy City*, 227 F.R.D. at 282-83 ("Windy has provided sufficient details regarding its claim and the language in paragraph 12 stating that there was infringement 'directly, contributorily, by inducement, or otherwise . . .' merely indicates that after discovery Windy will be able to state with more certainty the degree of involvement of AOL In the alleged infringement"); *CBT Flint Partners*, 529 F. Supp. 2d at 1378 (denying motion to dismiss claim alleging "[o]n information and believe, Goodmail has infringed and continues to infringe, has actively and knowingly induced and continues to actively and knowingly induce, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the '114 patent, all in violation of 35 U.S.C. §§ 271(a), (b), and (c)").

      Defendants' reliance on *Gen-Probe* is misplaced. In *Gen-Probe*, the district court's dismissal of the complaint was driven by the highly confusing nature of the complaint *as a whole*, which made it impossible to tell which theories of infringement were being leveled against which of several separate defendants. *Gen-Probe*, 926 F. Supp. at 960-961. The court found the *Gen-Probe* complaint too confusing because, while it purported to accuse all five defendants of all types of infringement, it also included allegations that suggested certain defendants could not be liable under certain infringement theories. *Id*. The *Windy City* court properly distinguished *Gen-Probe*, stating "*Gen-Probe* is not controlling precedent and regardless, the court in *Gen-Probe* merely indicated that a plaintiff should provide 'fair notice' to the defendant of the basis of a claim." *Windy City*, 227 F.R.D. at 282.

      Here, as demonstrated above and also in defendants' motion to dismiss, there is no confusion about the fact that Openwave is asserting all three theories of infringement with respect to each patent against 724. Unlike the *Gen-Probe* complaint, Openwave's complaint contains no allegations suggesting any inconsistency with the allegation that all three theories of infringement are being asserted. Openwave's complaint provides defendants with all the "fair notice" that is required in a patent case. That the claims are not presented as defendants would prefer is not a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/21368824.2

9

OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS, OR IN THE ALTERNATIVE, FOR A MORE
DEFINITE STATEMENT; CASE NO. 3:09-CV-03511


1 basis for dismissal in a notice pleading regime.

## VI. CONCLUSION

Defendants' motion should be denied in its entirety. Openwave's complaint provides 724 with sufficient notice of the patents-in-suit, accused products, and plaintiff's theories of infringement. Openwave is not required to plead anything more than that.

Dated: October 9, 2009                    MORGAN, LEWIS & BOCKIUS LLP


By      /s/ Brett M. Schuman
   Brett M. Schuman
   Attorneys for Plaintiff
   OPENWAVE SYSTEMS, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW

DB2/21368824.2

10

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; CASE NO. 3:09-CV-03511