SPRINKLE IP LAW GROUP, P.C.
  Elizabeth J. Brown Fore (Bar No. 200471)
1301 West 25th Street, Suite 408
Austin, Texas  78705
Telephone:  (512) 637-9220
Facsimile:  (512) 371-9088
E-mail:  ebrownfore@sprinklelaw.com

Attorney for Defendants
724 Solutions (US) Inc. and
724 Solutions Software, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPENWAVE SYSTEMS, INC., <br>  a Delaware Corporation <br><br> Plaintiff, <br> v. <br><br> 724 SOLUTIONS (US) INC., <br>  a Delaware Corporation, and <br><br> 724 SOLUTIONS SOFTWARE INC., <br>  a Delaware Corporation <br><br> Defendants. | Case No.: 3:09-CV-03511-CRB <br><br> **DEFENDANTS 724 SOLUTIONS (US) INC.'S AND 724 SOLUTIONS SOFTWARE INC.'S REPLY TO PLAINTIFF OPENWAVE SYSTEMS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |

## I.     INTRODUCTION TO REPLY

Despite Openwave Systems, Inc.'s ("Openwave") mischaracterizations of the applicable law and of the actual basis for 724 Solutions (US) Inc.'s and 724 Solutions Software, Inc.'s (collectively "724") Motion to Dismiss (Docket No. 17) (the "Motion" or "Mot."), one thing is clear – Openwave's Complaint is deficient.  724's motion focuses on two primary deficiencies in Openwave's Complaint: namely, 1) the failure to properly identify the "other", non-named products of 724 that Openwave alleges are infringing; and 2) the failure to properly identify the alleged direct infringers required in support of Openwave's allegations of indirect infringement. In its response, Openwave as much as admits that its Complaint is insufficient in these two areas by: 1) admitting it is only alleging infringement against the 724 products specifically listed in its Complaint (and no "other", non-named products); *See,* Resp. 3:26, n.1, and 2) identifying with specificity a set of alleged infringers in support of its contributory/inducement claims.  *See,* Resp. 7:6-12.

Specifically, with respect to the deficient identification of the accused products, Openwave has now judicially admitted in its Response that, contrary to the actual allegations in the Complaint, it has identified in its Complaint *all* of the "products" that it is currently accusing of infringing the four asserted patents.  *See,* Resp. 3:26, n.1 ("Openwave's complaint specifically identifies the products that Openwave accuses of infringement.")  With respect to the identity of the alleged direct infringers giving rise to Openwave's claims of indirect infringement, Openwave has pointed to information from 724's website, indicating that 724 sells its products to "<u>mobile network operators</u>" as its support for its claims that 724 indirectly infringes the patents at issue.  *See,* Resp. 7:6-12.

For all of its bluster about how 724 should know or has already expressed its knowledge of Openwave's allegations, Openwave could not point to anything *in the Complaint itself* which addressed these two main issues raised by 724.[1]  While it has attempted to clarify its allegations

---

[1] In the Motion, 724 also complained about Openwave's confusing "and/or" combination of the three different types of direct and indirect infringement. (Mot. 8:15-9:6, n.3).  This concern was also addressed by Openwave's new assertion that, with respect to each of the patents, it is now

1

through judicial admissions within the Response and reliance on external evidence introduced in support of the Response, Openwave's Complaint remains deficient and Openwave should be required to replead.

## II. OPENWAVE HAS ADMITTED THAT IT IS NOT AWARE OF OR ACCUSING ANY OTHER PRODUCTS AND SHOULD REPLEAD ACCORDINGLY

724 does not dispute that in the Complaint Openwave specifically lists the "Seamless Access Solution, X-treme Mobility Suite,[2] and X-treme Mobility Gateway" (hereinafter referred to as the "Products"). However, the allegations in the Complaint are not limited to the Products. To the contrary, Openwave describes the accused products in the Complaint as follows:

> Such infringing products *include, but **are not limited to**,* the Seamless Access Solution, X-treme Mobility Suite, and X-treme Mobility Gateway.

Compl. ¶ 14. (emphasis added). Openwave's express statement that 724's allegedly infringing products ***are not limited to*** <u>the three Products specifically recited</u> means that, by definition, Openwave knows of at least one additional product that it is accusing of infringing. If Openwave is/was aware of any additional products they believe to be infringing, they are required to give 724 fair notice of such products. However, in its Response Openwave has now admitted that, contrary to this allegation, it is *not* actually aware of any additional products. Openwave states that its "pleading specifically identifies certain accused products and simply leaves open the ***possibility*** that Openwave ***may identify additional infringing products*** as the case progresses" (emphasis added). *See* Resp. 4:4-6; *see also,* Resp. 3:26, n.1 ("Openwave's Complaint specifically identifies the products that Openwave accuses of infringement."). In other words, Openwave has admitted that its original allegation in its Complaint was false.

---

"accusing the *specifically* identified products of **both** *contributory infringement* and *inducing infringement . . . .*" Resp. 7:1-3 (italics in original, bold added).

[2] As a direct competitor of 724, Openwave unquestionably knows that the X-treme Mobility Suite (the "Suite") included several products, including a messaging product, which are in no way implicated by the asserted patents. If Openwave is only accusing the X-treme Mobility Gateway portion of the Suite of infringement, then it should say so in its Complaint. Conversely, if Openwave is, in fact, accusing ***all*** of the products in the Suite of infringement, then 724 fully intends on making Openwave prove it performed a sufficient Rule 11 analysis in accusing all of the products in the Suite.

2

Despite the fact that Openwave seems perfectly content with maintaining this falsehood, it should be required to replead so that its Complaint is truthful and gives 724 proper notice of the actual allegations that it is making; namely, that it is alleging that the specifically identified products infringe.

Openwave justifies its "open-ended" allegation as an effort to "leave[] open the possibility that Openwave may identify additional infringing products as the case progresses." Resp. 4:4-6; *see also,* Resp. 5:10. Not surprisingly, Openwave does not actually cite any support for its claimed ability to essentially allege a "place holder" for future claims. Certainly none of the cases Openwave cites indicate that such an open-ended allegation is, in any way, proper for that purpose. Indeed, it would be strange if such a system would be acceptable, in patent cases or in any other type of cases, for that matter. The ability to amend a complaint with later discovered claims – or defenses – is adequately set out in the Federal Rules of Civil Procedure as well as the scheduling or docketing orders entered in each case.

Regardless of Openwave's intent in phrasing its allegation the way that it has, such bare allegations absolutely fail to meet the fair notice requirements of Rule 8. *See, Elan Microelectronics Corp. v. Apple, Inc.,* No. 09-1531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009).[3] In *Elan,* which was just decided last month, Judge Seeborg found that Apple's allegation of infringement "[did] not comply with Rule 8, under the standards enunciated in *Twombly* and *Iqbal.*," *Id.* at *2. Apple alleged that *Elan* was infringing "through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad." *Id.* Apple's deficient allegation contains more information than Openwave's allegation that it is accusing "*products*" [which] "include, but not limited to, the [Products]." Compl. ¶ 14. (emphasis added). Since Openwave's allegations lack even the level of

---

[3] Although Openwave does mention the *Elan* case in its response, it has essentially buried the cite by placing it in a confusing footnote at the end of its argument on indirect infringement and unrelated to the actual sentence to which it refers. Resp. 8:26, n.5. Inexplicably, Openwave has failed to address or even note *Elan's* application to this issue. In fact, the footnote is written in such a confusing way and placed in such an inappropriate area that it is almost worse than not citing the case at all.

3

DEFENDANTS 724 SOLUTIONS (US) INC.'S AND 724 SOLUTIONS SOFTWARE INC.'S REPLY TO PLAINTIFF OPENWAVE SYSTEMS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT– 3:09-CV-03511-CRB

information found deficient in the Apple complaint, Openwave should be required to re-plead to meet the standards required under Rule 8 and enunciated in *Elan*.

Moreover, the cases that Openwave has cited in this section of the argument are distinguishable from the present case and/or demonstrably show why the Complaint is deficient in this respect. For example, in *Advanced Analogic Tech., Inc. v. Kinetic Tech*, the plaintiff was accusing "integrated circuits" rather than simply "products." 2009 WL 1974602, *1 (N.D. Cal. Jul. 8, 2009). Similarly misplaced is Openwave's reliance on *Beery v. Hitachi Home Elecs. (America), Inc.* 157 F.R.D. 477, 480 (C.D. Cal. 1993), where, contrary to Openwave's assertion, the Court actually denied the Motion for More Definite Statement *because the defendants had already answered the complaint,* not because the plaintiff's complaint was adequate.

Openwave's efforts to distinguish the cases cited by 724 are similarly flawed and/or misleading. Nowhere is this more evident than in Openwave's attempt to distinguish the present case from the case in *Ondeo Nalco Co. v. EKA Chemicals, Inc.*, 2002 WL 1458853 (D. Del. 2002). Like Openwave, the claimant in *Ondeo* simply accused "products" including a specifically recited product. *See* Resp. 5:5 (citing *Ondeo* 2002 WL 1458853 at n.2 ("Nalco's products, including the 8692 product"). However, unlike Openwave, the claimant in *Ondeo* further described the products at issue in that case as being "used in paper making processes" or "to make paper." *Id.* Unlike the claimant in *Ondeo*, Openwave has offered no further description of the "products" at issue in its allegation. If anything, the allegations in *Ondeo* are stronger than those of Openwave. Yet, the *Ondeo* Court **granted** the motion to dismiss, finding that "[w]ith the exception of the description of the 8692 product, the pleadings are too vague to provide plaintiff with fair notice of which products are accused of infringing defendant's patents." *Id.* (citations omitted). Similarly, with the exception of the specifically identified 724 products, Openwave's pleadings are too vague to provide 724 with fair notice of which products are accused.

4

DEFENDANTS 724 SOLUTIONS (US) INC.'S AND 724 SOLUTIONS SOFTWARE INC.'S REPLY TO PLAINTIFF OPENWAVE SYSTEMS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT– 3:09-CV-03511-CRB

In sum, Openwave has admitted that, at this time, it is only accusing the Products. Accordingly, Openwave should be required to replead the Complaint to remove the open-ended allegation and, instead, specifically list the actual products that it is accusing of infringement.

### III. OPENWAVE HAS ADMITTED THE IDENTITY OF THE ALLEGED DIRECT INFRINGERS, GIVING RISE TO ITS CLAIMS FOR INDIRECT INFRINGMENT, AND SHOULD REPLEAD ACCORDINGLY

With respect to its allegations of indirect infringement, rather than simply amending the Complaint, Openwave once again seeks to improperly supplement its Complaint with argument in its Response.  Openwave specifically admits in its response that its claims of indirect infringement (both contributory infringement and inducement) are based on 724's sales of the Products to "mobile network operators." Resp. 7:7.  With mock surprise, Openwave claims that 724 couldn't possibly contend that it doesn't understand Openwave's allegations as 724 surely knows its own products. *Id.*  However, there is absolutely nothing in the Complaint itself which indicates that Openwave was basing its indirect infringement allegations on direct infringement by "mobile network operators."  This is self-evident because Openwave itself had to submit evidence (i.e., a page from 724's website) rather than rely on the language from its Complaint to identify the class of alleged infringers that support its allegations of indirect infringement. Resp. 7:7-11.  By submitting this evidence and identifying "mobile network operators" as the alleged infringers that support its claim of indirect infringement, Openwave has essentially admitted its Complaint was insufficient on its face.

Despite Openwave's assertions to the contrary, the case law supports that Openwave's allegations in the Complaint are deficient and fail to satisfy the fair notice requirements of Rule 8.  *See, Advanced Analogic*, 2009 WL 1974602 at *1 (granting a motion to dismiss claims of indirect infringement because the plaintiff "failed to allege direct infringement by a third party"); *Ondeo*, 2002 WL 1458853 at *1 (in a pre-*Twombly* decision, finding that the pleadings insufficiently plead induced infringement because the pleadings failed "to allege direct

5

infringement by a party other than ONDEO . . . .");[4] *see also, Elan,* 2009 WL 2972374 at *2 (finding that Apple's similar bare allegations of indirect infringement were not sufficient under *Twombly* or *Iqbal.*)

In attacking the Motion, Openwave attempts to mischaracterize the actual relief requested by 724.[5] Specifically, Openwave improperly couches 724's request as one seeking the "specific identity" of the direct infringers. Resp. 7:25. However, 724 did not request an identification, by name, of any specific direct infringer but, rather, a sufficient identification of the class of direct infringers that would provide 724 with an understanding of Openwave's allegations of indirect infringement. For example, Openwave could have identified "mobile network operators" in its Complaint, but it did not do so (even though it subsequently admitted that this class of alleged direct infringers forms the basis for its allegation of indirect infringement).

One of the cases cited by Openwave is *FotoMedia Tech., LLC v. AOL, LLC*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008). Contrary to Openwave's assertion, the *FotoMedia* Court's holding does not support a finding that Openwave's allegations are sufficient. While Openwave states that the infringement allegation at issue was directed towards "photo sharing website services" (Resp. 6:16-18), the actual allegation is "photo sharing website services ***that alone or in combination with personal computers infringe . . . .***" *Id.* at *2 (emphasis added). As can be seen, in contrast to Openwave's Complaint, the language that Openwave conveniently left off

---

[4] Again, Openwave's attempt to distinguish this case is grossly misleading in that Openwave asserts that the court's decision was somehow based on a combination of the plaintiff's failure to list direct infringers as well as its failure to sufficiently identify the accused products. Not only is this not factually accurate, but, even if it were, as 724 pointed out in the previous section, Openwave's allegations as to the accused products are at least as deficient as the allegations in *Ondeo*. In other words, even if the "combination" was required, we have it in this case.

[5] Openwave's primer on how to establish direct infringement, through direct or circumstantial evidence, has nothing to do with the Rule 8 pleading requirements and is nothing more that an attempt by Openwave to confuse the issues and mischaracterize 724's request. Resp. 6:24, n.4. Again, 724 is not seeking proof of the existence of direct infringement. Rather, all that 724 is seeking is fair notice as to the type of direct infringement or infringer that Openwave is alleging supports its claims for indirect infringement – information which Openwave was able to provide in its Response.

6

DEFENDANTS 724 SOLUTIONS (US) INC.'S AND 724 SOLUTIONS SOFTWARE INC.'S REPLY TO PLAINTIFF OPENWAVE SYSTEMS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT– 3:09-CV-03511-CRB

actually does describe the type of direct infringer (i.e., "the user of the accused websites") that forms the basis for the indirect infringement allegations in the case.[6] *Id.* In short, the case law is clear that Openwave's allegations are insufficient.  Openwave as much as acknowledged such fact by relying on additional evidence to give 724 notice of the basis for its claims of indirect infringement.  Accordingly, Openwave should be required to replead to add the identity of the third party direct infringer – the "mobile network operators" as admitted in its Response.

## IV.   CONCLUSION

For the reasons outlined above and those contained in the original Motion, the Motion should be granted and Openwave should be required to replead to specifically identify the products at issue and to identify the direct infringement that gives rise to Openwave's various claims of indirect infringement.  At the very least, Openwave should be ordered to replead in accordance with the admissions that it made in the Response.

Dated: October 16, 2009                           Respectfully submitted,

                                                  SPRINKLE IP LAW GROUP, P.C.


                                                  By  */s/ Elizabeth J. Brown Fore*
                                                      Elizabeth J. Brown Fore

                                                  Attorney for Defendants
                                                  724 SOLUTIONS (US) INC. and
                                                  724 SOLUTIONS SOFTWARE INC.

---

[6] Additionally, although Openwave quotes the *FotoMedia* Court's statement that the allegations of indirect infringement are sufficient because they "are similar to those approved by Form 16" (Resp. 6:15), Openwave shockingly fails to cite to Judge Seeborg's recent Northern District of California opinion finding that Form 16 (now called Form 18) only applies to claims of direct infringement and ***not*** claims of indirect infringement.  *Elan* 2009 WL 2972374 at *2.

7