DANIEL JOHNSON, JR. (State Bar No. 57409)
BRETT M. SCHUMAN (State Bar No. 189247)
AHREN C. HOFFMAN (State Bar No. 250469)
RYAN L. SCHER (State Bar No. 244706)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: djjohnson@morganlewis.com
E-mail: bschuman@morganlewis.com
E-mail: ahoffman@morganlewis.com
E-mail: rscher@morganlewis.com

Attorneys for Plaintiff
OPENWAVE SYSTEMS, INC.

SPRINKLE IP LAW GROUP, P.C.
1301 W. 25th St., Ste. 408
Austin, TX 78705
Tel: 512.637-9220
Fax: 512.371.9088

Attorneys for Defendants 724 SOLUTIONS (US) INC. and 724 SOLUTIONS SOFTWARE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPENWAVE SYSTEMS, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>              v.<br><br>724 SOLUTIONS (US) INC., a Delaware corporation, and 724 SOLUTIONS SOFTWARE INC., a Delaware corporation,<br><br>              Defendants. | Case No. 09-CV-03511 (CRB)<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Openwave Systems Inc. ("Openwave"), 724 Solutions (US) Inc. and 724 Solutions Software, Inc. (together "724 Solutions") jointly submit the following joint proposed discovery plan.

**A.     Changes To The Timing, Form, Or Requirements For The Initial Disclosures.**

The parties agreed to exchange initial disclosures on December 14, 2009 to coincide with the date for the Patent Local Rule 3-1 and 3-2 disclosures.

**B.     The Subjects On Which Discovery May Be Needed And Whether Discovery Should Be Conducted In Phases.**

The parties confirmed that standard patent infringement and validity discovery will be required. The parties also may conduct discovery regarding any affirmative defenses or counterclaims pleaded in 724 Solutions' answer, which is due November 12, 2009.

The parties are in substantial disagreement regarding whether discovery should be conducted in phases.

Openwave's position. Openwave's position is that it is unnecessary and inefficient for discovery to be phased in this action. Openwave believes it is entitled to conduct discovery now regarding, among other things, the technical aspects of the accused products and sales of accused products. 724 Solutions has asserted that its products do not infringe and that, even if they did, sales volume for the accused products is insufficient to justify the potential cost of litigation. These assertions are proper subjects of discovery and such discovery could streamline the litigation and the *Markman* hearing. 724 Solutions' discovery proposal (stated below) essentially amounts to the extraordinary proposition that only 724 Solutions can conduct discovery prior to the *Markman* hearing, since Openwave would have little interest in conducting discovery of 724 Solutions regarding the construction of the claims in Openwave's patents, *i.e.*, the only issue 724 Solutions apparently believes should be subject to discovery prior to the *Markman* hearing. Although the *Markman* hearing is focused on interpreting the claims in the patents, the inquiry does not take place in a vacuum; the court and the parties are permitted to prepare for and conduct the *Markman* hearing in the light of the technology involved in the accused products. *See, e.g., Pall Corp. v. Hemasure, Inc.*, 181 F.3d 1305, 1308 (Fed. Cir. 1999) ("Although the construction

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21414919.1

1

JOINT PROPOSED DISCOVERY PLAN
CASE NO. 09-CV-03511 (CRB)

1 of the claim is independent of the device charged with infringement, it is convenient for the court
2 to concentrate on those aspects of the claim whose relation to the accused device is in dispute");
3 *see also Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1330-1331 (Fed.
4 Cir. 2006) ("This court, of course, repeats its rule that claims may not be construed with reference
5 to the accused device . . . . The rule, however, does not forbid awareness of the accused product
6 or process to supply the parameters and scope of the infringement analysis, including its claim
7 construction component"). Of course, 724 Solutions' proposal also is inconsistent with Patent
8 Local Rule 3-4(a), which requires that 724 Solutions produce <u>before</u> the *Markman* hearing
9 "[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation
10 sufficient to show the operation of any aspects or elements of an Accused Instrumentality
11 identified by the patent claimant in its Patent L. R. 3-1(c) chart."

12 Openwave interprets 724 Solutions' extraordinary phasing proposal as nothing more than
13 an attempt to hide the ball for as long as possible regarding the extent of its patent infringement.

14 <u>724 Solutions' position</u>. 724 Solutions has proposed that the discovery in this case be
15 conducted in phases. Specifically, 724 Solutions proposes that the parties initially conduct
16 discovery on claim construction issues and that, after the *Markman* ruling, the parties conduct
17 technical and damage discovery on the products that are then at issue. Postponing technical and
18 damage discovery until after the *Markman* ruling will almost certainly narrow the actual technical
19 and damage discovery that is necessary, thereby reducing the overall costs of discovery and the
20 likelihood of needing Court involvement in discovery. And, given the compressed timing on
21 claim construction, it will not unreasonably delay the parties' efforts in obtaining the discovery
22 that they need.

23 **C. Issues About Disclosure Or Discovery Of Electronically Stored Information,**
24 **Including The Form Or Forms In Which It Should Be Produced**.

25 The parties are in disagreement about the method of producing electronic documents.
26 Openwave has proposed that the parties produce all documents in TIFF format, with a
27 corresponding load file, with the contents of the load file, and the technical requirements for the
28 parties' productions will be determined at a later date. 724 Solutions proposes that the parties

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21414919

2

JOINT PROPOSED DISCOVERY PLAN
CASE NO. 09-CV-03511 (CRB)

1  produce electronic documents in native format, with the scope of any associated meta data
2  produced with such documents to be determined at a later date.

3  **D.     Issues About Claims Of Privilege Or Of Protection As Trial-Preparation Materials.**

4  The parties plan to enter into a stipulated joint protective order that will address the
5  inadvertent production of privileged materials.

6  **E.     Changes To The Limitations On Discovery**

7  Presently, Openwave does not believe that any changes are required, but reserves its right
8  to reconsider its position after it received 724 Solutions' answer.  724 Solutions has proposed that
9  the deposition limitation be increased to twenty depositions per party, without leave of court.

10 **F.     Any other orders that the court should issue under Rule 26(c).**

11 The parties plan to enter into a stipulated joint protective order, to be entered by the Court.

12
13  Dated: November 5, 2009                    MORGAN, LEWIS & BOCKIUS LLP
14
15                                              By /s/ Brett M. Schuman
                                                   Brett M. Schuman
16                                                 Attorneys for Plaintiff

17  Dated: November 5, 2009                    SPRINKLE IP LAW GROUP, P.C.
18
19                                              By /s/ Scott Crocker
                                                   Scott Crocker
20                                                 Attorneys for Defendants

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21414919

3

JOINT PROPOSED DISCOVERY PLAN
CASE NO. 09-CV-03511 (CRB)

**FILER'S ATTESTATION**

I, Ryan Scher, am the ECF user whose identification and password are being used to file this Joint Proposed Discovery Plan. In compliance with General Order 45.X.B, I hereby attest that Brett Schuman and Scott Crocker concur in this filing.

Dated: November 5, 2009

By /s/ Ryan Scher
    Ryan Scher
    Attorneys for Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21414919

4

JOINT PROPOSED DISCOVERY PLAN
CASE NO. 09-CV-03511 (CRB)