1  SPRINKLE IP LAW GROUP, P.C.
      Steven R. Sprinkle (*Pro Hac Vice*)
2     Scott S. Crocker (*Pro Hac Vice*)
   1301 West 25th Street, Suite 408
3  Austin, Texas  78705
   Telephone:  (512) 637-9220
4  Facsimile:  (512) 371-9088
   E-mail:  ssprinkle@sprinklelaw.com
5  E-mail:  scrocker@sprinklelaw.com

6  Tom Mavrakakis (SBN 177927)
   Brian C. Kwok (SBN 244309)
7  WONG, CABELLO, LUTSCH,
      RUTHERFORD & BRUCCULERI, LLP
8  540 Cowper Street, Suite 100
   Palo Alto, CA  94301
9  Telephone:  (650) 681-4477
   Facsimile:  (650) 403-4043
10 mav@wongcabello.com
   bkwok@wongcabello.com
11
   Attorney for Defendants
12 724 Solutions (US) Inc. and
   724 Solutions Software, Inc.
13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15
                     SAN FRANCISCO DIVISION
16
17 OPENWAVE SYSTEMS, INC.,            )   Case No.: 3:09-CV-03511-CRB
       a Delaware Corporation          )
18                                     )
              Plaintiff,               )
19     v.                              )   **ANSWER AND COUNTERCLAIMS TO**
                                       )   **COMPLAINT FOR DAMAGES AND**
20 724 SOLUTIONS (US) INC.,           )   **INJUNCTIVE RELIEF**
       a Delaware Corporation, and     )
21                                     )
   724 SOLUTIONS SOFTWARE INC.,        )
22     a Delaware Corporation          )
                                       )
23            Defendants.              )
   _____)
24
25
26
27
28

ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – 3:08-
CV-03511-CRB

Defendants 724 Solutions (US) Inc. and 724 Solutions Software Inc. (collectively "Defendants" or "724") file this their Answer, Affirmative Defenses and Counterclaims to the Original Complaint for Damages and Injunctive Relief (hereinafter the "Complaint") of Openwave Systems Inc. ("Openwave"), admitting those facts specifically admitted below and denying all others avered in the Complaint, and stating as follows:

## ANSWER

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 1 of the Complaint, and, on that basis, deny those allegations.

2.     Defendants admit the allegations of Paragraph 2 of the Complaint.

3.     Defendants admit the allegations of Paragraph 3 of the Complaint.

4.     Defendants admit that Openwave's Complaint purports to be an action that arises under the patent laws of the United States, 35 U.S.C. §§1 et seq., but deny any wrongdoing or liability on their own behalf for the reasons stated herein.  Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 4 of the Complaint.

5.     Defendants admit the allegations of Paragraph 5 of the Complaint.

6.     Defendants admit the allegations of Paragraph 6 of the Complaint.

7.     Defendants admit that Openwave has alleged that venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) & (c) and 1400(b).  Defendants deny that they have infringed any patent within or without this judicial district.

8.     There are no factual allegations to admit or deny in Paragraph 8 of the Complaint.

9.     Defendants admit that U.S. Patent No. 6,430,409 (the "'409 Patent") states on its face that it was filed on November 26, 1997 and issued on August 6, 2002 and is entitled "Method and Architecture for an Interactive Two-Way Data Communication Network."  Except as otherwise expressly admitted, Defendants lack sufficient information to admit or deny and, on that basis, deny the remaining allegations of Paragraph 9 of the Complaint.

1

ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – 3:08-CV-03511-CRB

1    10.    Defendants admit that U.S. Patent No. 6,466,783 (the "'783 Patent") states on its
2    face that it was filed on June 8, 1998 and issued on October 15, 2002 and is entitled "Visual
3    Interface to Mobile Subscriber Account Services."  Except as otherwise expressly admitted,
4    Defendants lack sufficient information to admit or deny and, on that basis, deny the remaining
5    allegations of Paragraph 10 of the Complaint.

6    11.    Defendants admit that U.S. Patent No. 6,742,022 (the "'022 Patent") states on its
7    face that it was filed on April 30, 1998 and issued on May 24, 2004 and is entitled "Centralized
8    Service Management System for Two-Way Interactive Communication Devices in Data
9    Networks."  Except as otherwise expressly admitted, Defendants lack sufficient information to
10   admit or deny and, on that basis, deny the remaining allegations of Paragraph 11 of the
11   Complaint.

12   12.    Defendants admit that U.S. Patent No. 7,054,626 (the "'626 Patent") states on its
13   face that it was filed on August 20, 2001 and issued on May 30, 2006 and is entitled "Method
14   and Architecture for an Interactive Two-Way Data Communication Network."  Except as
15   otherwise expressly admitted, Defendants lack sufficient information to admit or deny and, on
16   that basis, deny the remaining allegations of Paragraph 12 of the Complaint.

17   13.    Defendants refer to and incorporate herein their answers as provided in
18   Paragraphs 1-12 above.

19   14.    Defendants deny the allegations of Paragraph 14 of the Complaint.

20   15.    Defendants deny the allegations of Paragraph 15 of the Complaint.

21   16.    Defendants deny the allegations of Paragraph 16 of the Complaint.

22   17.    Defendants deny the allegations of Paragraph 17 of the Complaint.

23   18.    Defendants refer to and incorporate herein their answers as provided in
24   Paragraphs 1-12 above.

25   19.    Defendants deny the allegations of Paragraph 19 of the Complaint.

26   20.    Defendants deny the allegations of Paragraph 20 of the Complaint.

27   21.    Defendants deny the allegations of Paragraph 21 of the Complaint.

28   22.    Defendants deny the allegations of Paragraph 22 of the Complaint.

2

ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – 3:08-CV-03511-CRB

23.     Defendants refer to and incorporate herein their answers as provided in Paragraphs 1-12 above.

24.     Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     Defendants deny the allegations of Paragraph 25 of the Complaint.

26.     Defendants deny the allegations of Paragraph 26 of the Complaint.

27.     Defendants deny the allegations of Paragraph 27 of the Complaint.

28.     Defendants refer to and incorporate herein their answers as provided in Paragraphs 1-12 above.

29.     Defendants deny the allegations of Paragraph 29 of the Complaint.

30.     Defendants deny the allegations of Paragraph 30 of the Complaint.

31.     Defendants deny the allegations of Paragraph 31 of the Complaint.

32.     Defendants deny the allegations of Paragraph 32 of the Complaint.

33.     Defendants deny all other allegations in the Complaint that have not been specifically admitted in Paragraphs 1-32 above.

## PRAYER FOR RELIEF

34.     Defendants deny that Openwave is entitled to any of the relief sought in the Complaint or any relief whatsoever.

## AFFIRMATIVE DEFENSES

In addition to any affirmative defenses described below, Defendants specifically reserve the right to allege additional defenses as they become known through the course of discovery.

## FIRST DEFENSE – NON-INFRINGEMENT

35.     Defendants do not infringe and have not directly or indirectly infringed any claims of United States Patent No. 6,430,409 (the "'409 Patent"), United States Patent No. 6,466,783 (the "'783 Patent"), United States Patent No. 6,742,022 (the "'022 Patent), or United States Patent No. 7,054,626 (the "'626 Patent") (collectively the "Asserted Patents"), either literally or by the doctrine of equivalents, willfully or otherwise.

3

ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – 3:08-CV-03511-CRB

1

## SECOND DEFENSE-INVALIDITY

2
3
4

36.     The Asserted Patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103, and/or 112.

5

## THIRD DEFENSE-LACHES

6
7

37.     Openwave's claims for relief are barred in whole or in part by the doctrine of laches.

8

## FOURTH DEFENSE-WAIVER AND ESTOPPEL

9
10

38.     Openwave's claims for relief are barred in whole or in part by the doctrines of waiver and equitable estoppel.

11

## FIFTH DEFENSE-STATUTE OF LIMITATIONS

12
13

39.     To the extent Openwave seeks damages for alleged infringement more than six years prior to filing of this action, the relief sought by Openwave is barred by 35 U.S.C. § 286.

14

## SIXTH DEFENSE-NOTICE

15
16
17

40.     To the extent Openwave seeks damages for alleged infringement prior to its giving actual or constructive notice of the Asserted Patents to Defendants, the relief sought by Openwave is barred by 35 U.S.C. § 287.

18

## SEVENTH DEFENSE-NO INJUNCTIVE RELIEF

19
20
21

41.     To the extent Openwave seeks injunctive relief for alleged infringement, the relief sought by Openwave is unavailable because any alleged injury to Openwave is not immediate or irreparable and because Openwave has an adequate remedy at law for any alleged injury.

22

## EIGHTH DEFENSE- UNCLEAN HANDS

23
24

42.     Openwave's claims for relief are barred in whole or in part by the doctrine of unclean hands.

25

## NINTH DEFENSE- PATENT MISUSE

26
27
28

43.     Openwave has engaged in patent misuse as to the Asserted Patents through, among other things, its conduct with respect to the WAP Forum and/or Open Mobile Alliance ("OMA"), its attempted assertion of the Asserted Patents against 724, despite knowledge that the

4

Asserted Patents are invalid and unenforceable against 724, and, upon information and belief, its threats and misleading representations to certain third parties, including current and prospective customers of 724, despite knowledge that the Asserted Patents are invalid and unenforceable against 724 and such third parties.

## TENTH DEFENSE- PROSECUTION HISTORY ESTOPPEL

44.     Openwave's claims are barred in whole or in part by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications of the Asserted Patents.

## COUNTERCLAIMS

Defendants, for their Counterclaims against Openwave, allege and state:

## I.   THE PARTIES

1.     724 Solutions (US) Inc. and 724 Solutions Software Inc., (collectively referred to as "724") are Delaware Corporations, each having a principal place of business in Santa Barbara, California.

2.     On information and belief, Openwave is a Delaware Corporation with its principal place of business in Redwood City, California.

## II.   JURISDICTION

3.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§1331, 1338(a), 2201 and 2202.

## III.   VENUE

4.     Venue is proper in this District over 724's counterclaims pursuant to 28 U.S.C. § 1391.

## IV.   BACKGROUND

5.     Openwave claims to be the owner of all rights, titles and interests in and to United States Patent No. 6,430,409 (the "'409 Patent"), United States Patent No. 6,466,783 (the "'783 Patent"), United States Patent No. 6,742,022 (the "'022 Patent), and United States Patent No. 7,054,626 (the "'626 Patent") (collectively the "Asserted Patents").

5

ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – 3:08-CV-03511-CRB

6.      Upon information and belief, Openwave and/or its predecessor Phone.com was a founding member of the Wireless Application Protocol (WAP) Forum, a standards setting organization formed to develop certain standards and protocols for transmitting data, including internet data, to and from mobile wireless devices.  The WAP Forum is now known as the Open Mobile Alliance ("OMA") (collectively referred to herein as the "WAP Forum/OMA"). Openwave is currently a member of the OMA.  Upon information and belief, Openwave had and continues to have a duty, either through its agreement to participate as a member of the WAP Forum/OMA and/or through the course of conduct of the members of the WAP Forum/OMA, to disclose certain intellectual property to the WAP Forum/OMA.  In 1999, Openwave disclosed United States Patent No. 5,809,415 (the "'415 Patent") to the WAP Forum/OMA.  The Asserted Patents are all continuations or continuations in part of the '415 Patent.  Openwave did not and has not disclosed the Asserted Patents to the WAP Forum/OMA.  Upon information and belief, the Asserted Patents should have been disclosed to the WAP Forum/OMA.

7.      724 is a software company which has developed certain software which utilizes standards issued by the WAP Forum/OMA.   724 sells its software to telecommunications companies, including foreign telecommunications companies.  One of 724's current customers is Belgacom, a foreign telecommunications company based in Belgium.

8.      Upon information and belief, Openwave sent, unsolicited, a document to 724's current and potential customers, including Belgacom, purportedly providing "answers" to questions that Openwave "expected" 724's customers and potential customers to have about this litigation (the "Mailing").  The Mailing contains misleading statements about the enforceability and scope of the Asserted Patents and the recipients' alleged infringement of the Asserted Patents and vaguely threatens 724's customers and potential customers with potential infringement litigation related to the Asserted Patents.

### V.  FIRST COUNTERCLAIM
#### (Declaratory Relief Regarding the '409 Patent)

9.      724 repeats and realleges the allegations of Paragraphs 1-8 as if fully set forth herein.

6

ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – 3:08-CV-03511-CRB

10.     Openwave has alleged that one or more of 724's products infringes the '409 Patent.  An actual and justiciable controversy exists between 724 and Openwave as to the non-infringement and invalidity of the '409 Patent as evidenced in part by Openwave's Complaint and 724's Answer to the Complaint as set forth above.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* 724 requests a declaration that 724 does not infringe and has not infringed (directly or indirectly, literally or under the doctrine of equivalents) any valid and enforceable claim of the '409 Patent.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* 724 requests a declaration that claims of the '409 Patent are invalid for failure to meet one or more requirements of 35 U.S.C. §§101, 102, 103 or 112.

### VI.   SECOND COUNTERCLAIM
**(Declaratory Relief Regarding the '626 Patent)**

13.     724 repeats and realleges the allegations of Paragraphs 1-12 as if fully set forth herein.

14.     Openwave has alleged that one or more of 724's products infringes the '626 Patent.  An actual and justiciable controversy exists between 724 and Openwave as to the non-infringement and invalidity of the '626 Patent as evidenced in part by Openwave's Complaint and 724's Answer to the Complaint as set forth above.

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* 724 requests a declaration that 724 does not infringe and has not infringed (directly or indirectly, literally or under the doctrine of equivalents) any valid and enforceable claim of the '626 Patent.

16.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* 724 requests a declaration that claims of the '626 Patent are invalid for failure to meet one or more requirements of 35 U.S.C. §§101, 102, 103 or 112.

### VII.   THIRD COUNTERCLAIM
**(Declaratory Relief Regarding the '783 Patent)**

17.     724 repeats and realleges the allegations of Paragraphs 1-16 as if fully set forth herein.

ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – 3:08-CV-03511-CRB

18.      Openwave has alleged that one or more of 724's products infringes the '783 Patent.  An actual and justiciable controversy exists between 724 and Openwave as to the non-infringement and invalidity of the '783 Patent as evidenced in part by Openwave's Complaint and 724's Answer to the Complaint as set forth above.

19.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* 724 requests a declaration that 724 does not infringe and has not infringed (directly or indirectly, literally or under the doctrine of equivalents) any valid and enforceable claim of the '783 Patent.

20.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* 724 requests a declaration that claims of the '783 Patent are invalid for failure to meet one or more requirements of 35 U.S.C. §§101, 102, 103 or 112.

### VIII.  FOURTH COUNTERCLAIM
#### (Declaratory Relief Regarding the '022 Patent)

21.      724 repeats and realleges the allegations of Paragraphs 1-20 as if fully set forth herein.

22.      Openwave has alleged that one or more of 724's products infringes the '022 Patent.  An actual and justiciable controversy exists between 724 and Openwave as to the non-infringement and invalidity of the '022 Patent as evidenced in part by Openwave's Complaint and 724's Answer to the Complaint as set forth above.

23.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* 724 requests a declaration that 724 does not infringe and has not infringed (directly or indirectly, literally or under the doctrine of equivalents) any valid and enforceable claim of the '022 Patent.

24.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* 724 requests a declaration that claims of the '022 Patent are invalid for failure to meet one or more requirements of 35 U.S.C. §§101, 102, 103 or 112.

### IX.  FIFTH COUNTERCLAIM
#### (Declaratory Judgment of Unenforceability Due to Patent Misuse)

25.      724 repeats and realleges the allegations of Paragraphs 1-24 as if fully set forth herein.

8

ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – 3:08-CV-03511-CRB

26.     Openwave has engaged in patent misuse as to the Asserted Patents through, among other things, its conduct with respect to the WAP Forum/OMA, its attempted assertion of the Asserted Patents against 724, knowing that the Asserted Patents are invalid and unenforceable against 724, and, upon information and belief, its threats and misleading representations to certain third parties, including current and prospective customers of 724, knowing that the Asserted Patents are invalid and unenforceable against 724 and such third parties.

27.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.,* 724 requests a declaration that the Asserted Patents are unenforceable due to Openwave's patent misuse.

## EXCEPTIONAL CASE

28.     This case is exceptional against Openwave under 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, 724 respectfully requests the Court to enter judgment in its favor and against Openwave as follows:

A.     Dismiss Openwave's Complaint in its entirety, with prejudice;

B.     Enter judgment in favor of 724 and against Openwave, including without limitation that 724 has not infringed, and is not infringing, the '409, '783, '022, and '626 Patents, and that one or more of the claims of the '409, '783, '022, and '626 Patents are invalid, void, and/or unenforceable against 724;

C.     Deny all relief requested in Openwave's Complaint;

D.     Enter judgment that this is an exceptional case, awarding 724 its costs (including expert fees), expenses and attorneys' fees pursuant to 35 U.S.C. §285;

E.     Enter a declaratory judgment that 724 does not infringe the '409, '783, '022, and '626 Patents (either directly, jointly, contributorily, by inducement, or under the doctrine of equivalents);

F.     Enter a declaratory judgment that the '409, '783, '022, and '626 Patents are invalid; and

9

G.  Grant 724 such other and further relief as the Court deems just and proper, or that 724 may be entitled to as a matter of law or equity.

Dated:  November 12, 2009

Respectfully submitted,

SPRINKLE IP LAW GROUP, P.C.


By   */s/ Scott S Crocker*
     Scott S Crocker (*Pro Hac Vice*)

Attorney for Defendants
724 SOLUTIONS (US) INC. and
724 SOLUTIONS SOFTWARE INC.

10

ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – 3:08-CV-03511-CRB